IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES PINE,

        Plaintiff,                                                    CV. 05-498-AS

    v.                                                            FINDINGS AND
                                                                               RECOMMENDATION
MULTNOMAH COUNTY, a municipal corporation
THOMAS A. SCHULZ, an individual, (1) JOHN
DOE, (2) JOHN DOE, & (3) JOHN DOE,

        Defendants.

_____

ASHMANSKAS, Magistrate Judge:

Plaintiff Pine brought a civil action against Multnomah County, three Multnomah County Sheriff Deputies (John Does), and Thomas Schulze of the City of Portland Police Bureau for violation of his civil rights pursuant to 42 U.S.C. § 1983, and for violation of his common law rights under Oregon law. Currently before this court is Defendants Multnomah County and John Does' Motion to Dismiss (Docket No. 15). For the reasons that follow, Defendants' motion should be **GRANTED**.

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Pine seeks monetary damages for physical pain and suffering against multiple defendants for alleged violations of his civil rights under the Fourth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and for assault and battery, negligence, and false imprisonment under Oregon law. On April 8, 2003, Pine was arrested by Defendant Schulze of the Portland Police Bureau, and taken to the Multnomah County Jail where he was booked on "Attempt of Assault of a Police Officer." While in a holding cell, Pine alleges that the three Multnomah County Deputies tackled him and rammed his head into a brick wall, causing him physical injury.

On October 5, 2003, Pine, without the aid of an attorney, addressed a letter to the Multnomah County Sheriff's Office, the Multnomah County District Attorney's Office, the Portland Police Chief, and the Portland City Attorney's Office. The letter stated, "This is a TORT notification of my intent to file a suit towards the City of Portland, STG. Thomas A. Schulze(DPSST#15402)[.] This suit is due to an incident that happened to me on April 8[,] 2003." Pine included his name, address, and telephone number at the end of the letter.

Defendants Multnomah County and John Does, the three Multnomah County Sheriff Deputies, ("County Defendants") filed a Rule 12(b)(6) motion to dismiss alleging that Pine's letter does not satisfy the notice requirements of the Oregon Tort Claims Act (OTCA).[1]

## LEGAL STANDARD

Courts grant motions to dismiss under Rule 12(b)(6) "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004). The review is limited to the

---

[1] Defendant Schulze is not a party to the motion.

complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. *Cassettari v. County of Nevada*, 824 F.2d 735, 737 (9th Cir. 1987).

## **DISCUSSION**

County Defendants argue that Pine has not timely executed a Tort Claim Notice pursuant to the OTCA. Specifically, County Defendants argue that Pine's letter does not satisfy the formal notice requirements set out in O.R.S. 30.275(4). Thus, this court should dismiss Pine's state law assault and battery, negligence, and false imprisonment claims.[2] Pine argues that this court should overlook any technical errors in his letter because the letter substantially complies with the statutory notice requirements.

O.R.S. 30.275 provides, in pertinent part:

> (1) No action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section.
>
> . . . .
>
> (4) Formal notice of claim is a written communication from a claimant or representative of a claimant containing:
>
> (a) A statement that a claim for damages is or will be asserted against the public body or an officer, employee or agent of the public body;
>
> (b) A description of the time, place and circumstances giving rise to the claim, so far as known to the claimant; and
>
> (c) The name of the claimant and the mailing address to which correspondence concerning the claim may be sent.

---

[2] County Defendants' motion does not concern Pine's federal claims.

3 - FINDINGS AND RECOMMENDATION

The purpose of the OTCA notice requirements is to give the public body timely notice of the tort, and to allow its officers an opportunity to investigate the matter promptly and fully. *Urban Renewal Agency v. Lackey*, 275 Or. 35, 41, 549 P.2d 657, 660 (1976). In addition, notice provides the public body with an opportunity to settle meritorious claims without litigation. *Robinson v. Shipley*, 64 Or. App. 794, 797, 669 P.2d 1169, 1171 (1983). "The requirement that notice be given timely is a substantive condition precedent to recovery under the [OTCA] that, if not satisfied, deprives a plaintiff of the right to make a claim." *Tyree v. Tyree*, 116 Or. App. 317, 320, 840 P.2d 1378, 1380 (1992).

Pine's letter does not satisfy the substantive condition precedent of timely notice under the OTCA, thus depriving him of the right to make state law claims against County Defendants. The letter does not include a "statement that a claim for damages is or will be asserted against" County Defendants. O.R.S. 30.275(4)(a). The letter's inclusion of the addresses of the Multnomah County Sheriff's Office and the Multnomah County District Attorney's Office, and the statement that Pine intends to file a suit *only* against Defendant Schulze, without any specific mention of County Defendants, do not satisfy the statutory OTCA notice requirements or its purposes. Moreover, because Pine's letter does not satisfy the purposes of the notice requirements, this court cannot use the theory of substantial compliance to ignore what Pine believes are technical errors in his letter that is otherwise proper in form and content, thus avoiding the harsh result of this court insisting on strict compliance with O.R.S. 30.275. *See Robinson*, 64 Or. App. at 797, 669 P.2d at 1171 (citing *Webb v. Highway Division*, 293 Or. 645, 652 P.2d 783 (1982); *Brown v. Portland School Dist. #1*, 291 Or. 77, 628 P.2d 1183 (1981)).

## RECOMMENDATION

Based on the foregoing, Defendants Multnomah County and John Does' Motion to Dismiss (Docket No. 15) should be **GRANTED**.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due October 20, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due within 14 days, and the review of the Findings and Recommendation will go under advisement on that date or when the response is filed, whichever occurs first.

Dated this 5th day of October, 2005.

       /s/ Donald C. Ashmanskas
       Donald C. Ashmanskas
       United States Magistrate Judge